## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KELSI HAWKINS and JULIUS     *
    FRANCIS, SR., Individually and as
    Co-Personal Representatives of the    *
    ESTATE OF JULIUS FRANCIS, JR.,
                  *

    **Plaintiffs,**

**v.**                         *    **Civil Action No. ELH-20-1386**

**LINDA D. BARAKAT, M.D.,**     *

    **Defendant.**          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

In this wrongful death and survival action brought by the parents of Julius Francis, Jr., who lived for 27 days following birth by Cesarean section, the parties' experts disagree about the extent and causes of the infant's ischemic and embolic injuries.  Dr. Barakat believes that testimony from the treating physicians would shed light on the nature of the injuries.  To that end, she filed a motion to modify the scheduling order, in which she requested a ten-day extension of the discovery deadline to accommodate the depositions of two treating physicians.  ECF 38.  Plaintiffs have not only opposed the motion but also filed a motion for sanctions pursuant to Rule 37(c), which defendant opposed.  ECF 40, 41 & 45.  On March 23, 2021, I held a call to address these disputes. For the reasons stated in this memorandum opinion and order, defendant's motion is granted. Plaintiffs' motion is denied.

### I.   Background

In December 2020, defendant filed her first motion for extension of time and motion to modify the scheduling order, in response to which plaintiffs filed both an opposition and a motion for sanctions.  ECF 29, 30, 32 & 33.  On December 17, 2020, I issued a letter order extending the

discovery deadline to March 16, 2021.  ECF 26.  I stated that the deadline would be extended only upon a showing of "good cause, including due diligence in adhering to the existing deadlines, good faith efforts to work together to schedule the expert witness depositions, and a timely request that is not made on the eve of a deadline."  *Id.* at 3.  On March 10, 2021, defendant filed the pending motion for a brief extension of the discovery deadline so that she could depose two of plaintiffs' treating physicians, Dr. Geoffrey Rosenthal, a pediatric cardiologist, and Dr. Prashant Raghavan, a neuroradiologist.  Plaintiffs objected, arguing discovery was nearly closed and defendant had not designated these physicians as experts.

At issue in this case is the nature and cause of the infant's injuries during delivery.  Plaintiffs' retained experts opine that the infant's embolic injuries are insignificant compared with the ischemic injuries, and both were caused by the prolonged delivery.  Defendant's retained experts opine that the embolic injuries were more significant than the ischemic and caused by something other than the delivery.  The parties disagree about how the treating physicians viewed the infant's injuries.  Specifically, they debate whether the treating physicians' references to coarctation in the medical records referred to a "genetic coarctation" or a "pseudo-coarctation."  They also debate the treating physicians' characterization of the thrombus-type injury in the medical records.  Defense counsel explained that he learned through plaintiffs' experts' deposition testimony that there are ambiguities in the medical records, and he seeks to clarify, through the testimony of the treating physicians, the meanings of the terms used by the physicians.

## II.    Analysis

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skills, experience, training, or education" may provide opinion testimony at trial if the witness's "knowledge will help the trier of fact to understand the evidence or to determine a fact

in issue," the testimony has a sufficient factual basis and "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  To present testimony from any expert witness at trial, a party first must comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(A) by disclosing the witness's identity. *See Barnes v. Costco Wholesale Corp.*, No. JKB-18-3377, 2019 WL 3767506, at *2 (D. Md. Aug. 9, 2019).  What more must be disclosed "at the times and in the sequence that the court orders," Fed. R. Civ. P. 26(a)(2)(D), depends on whether the witness is a retained or specially employed expert, or a hybrid witness, that is, a fact witness with expertise that will inform his or her testimony.  *See* Fed. R. Civ. P. 26(a)(2)(B), (C); *Barnes*, 2019 WL 3767506, at *2 (noting that the testimony of treating physicians (who often are given as examples of hybrid witnesses) "is subject to the summary disclosure requirements of Rule 26(a)(2)(C) . . . . because the testimony of treating physicians as to facts and opinions concerning their treatment, such as diagnosis etc., is necessarily based on their specialized knowledge as physicians" (emphasis removed)).

A witness is a hybrid fact/expert witness when "testimony is given arising out of personal observations made in the normal course of duty."  *Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, No. JKB-17-00252, 2019 WL 2359441, at *1 (D. Md. June 4, 2019) (quoting *Nat'l R.R. Passenger Corp. v. Ry. Express, LLC,* 268 F.R.D. 211, 216 (D. Md. 2010)).  If the witness is a hybrid witness, "the party intending to call the[] witness[] must provide 'the subject matter on which the witness is expected to present evidence' and 'a summary of the facts and opinions to which the witness is expected to testify,'" but not a written report.  *Moore v. Peitzmeier*, No. TDC-18-2151, 2020 WL 94467, at *12 (D. Md. Jan. 7, 2020) (quoting Fed. R. Civ. P. 26(a)(2)(C)).

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a

3

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Boyd v. Armstrong*, No. ELH-17-2849, 2019 WL 1440876, at *10 (D. Md. Mar. 29, 2019) ("[I]f a party fails to disclose a witness pursuant to Rule 26(a) or (e), 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'"). This rule is intended to "prevent surprise and prejudice" at trial. *Barnes*, 2019 WL 3767506, at *2 (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)).

The Court applies "a 'five-factor test for determining whether nondisclosure of evidence is substantially justified or harmless.'" *Wake v. Nat'l R.R. Passenger Corp.*, No. PWG-12-1510, 2013 WL 1316431, at *4 (D. Md. Mar. 27, 2013) (quoting *S. States Rack & Fixture*, 318 F.3d at 596). It considers

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Id.* (quoting *S. States Rack & Fixture*, 318 F.3d at 596). "Notably, a district court is 'not *required* to tick through each of the *Southern States* factors.'" *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Rather, it "retains 'broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless.'" *Id.* (quoting *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017)); *see also S. States Rack & Fixture*, 318 F.3d at 597; *Wake*, 2013 WL 1316431, at *4. Because it "'is an extreme sanction'" to exclude expert testimony, "if the evidence is critical, [this sanction] is 'not normally . . . imposed absent a showing of willful deception or flagrant disregard of the court order by the proponent.'" *Hatami v. Hatami*, No.

WDQ-14-4004, 2015 WL 4509815, at *3 (D. Md. July 24, 2015) (Gallagher, M.J.) (quoting *Soufflas v. Zimmer, Inc.,* 474 F. Supp. 2d 737, 745 n.4 (E.D. Pa. 2007)).

The parties agree that Drs. Rosenthal and Raghavan, as treating physicians, are hybrid witnesses. Defendant's Rule 26(a)(2) disclosures were due by December 23, 2020. Dec. 17, 2020 Ltr. Order 2. Defendant did not designate them as witnesses or provide the information required under Rule 26(a)(2)(C). She did "reserve[] the right to designate and produce additional experts or rebuttal opinion testimony following the depositions of Plaintiffs' expert witnesses and any treating physicians," and she "reserve[d] the right to supplement [her] Expert Witness Designation, to provide additional experts, areas of testimony, additional opinions, and additional grounds for opinions based on continuing discovery." Def.'s Expert Designation 1–2, ECF 40-3. Also, she stated that, "[t]o the extent that other witnesses, including treating healthcare providers, have developed opinions independent of those formed in connection with this litigation, Dr. Barakat reserves the right to elicit those opinions up to and including at the time of trial." *Id.* at 2. For defendant to depose them now, after having failed to disclose them by the deadline set in the scheduling order, the nondisclosure must be substantially justified or harmless, and defendant must show good cause for modifying the scheduling order. Fed. R. Civ. P. 16(b)(4).

As I noted in December,

> "A court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999)). Rule 16(b)(4) provides that a scheduling order can be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists if "'scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *CBX Techs.*, 2012 WL 3038639, at *4 (quoting *Potomac Elec. Power Co.*, 190 F.R.D. at 375). The Court focuses on "the timeliness of the motion to amend 'and the reasons for its tardy submission'" more than "the substance of the proposed amendment." *Id.* (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002)). To determine

whether good cause exists, "the Court considers whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 497, 520 (D. Md. 2014) (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)).

Dec. 17, 2020 Ltr. Order 2.

I am not convinced defendant's failure to disclose the two treating physicians as hybrid witnesses was substantially justified.  Defense counsel has known about the medical issues in dispute and has had all relevant medical records for more than a year.  He consulted with several expert witnesses before he designated them, and he should have been aware of the need to depose the treating physicians before the expert disclosure deadline.  Defense counsel claims that he first realized the need for treating physician testimony when he deposed plaintiffs' experts in January and February, but that claim is belied by the fact that he contacted counsel for the treating physicians in late December—before the expert witness depositions—to obtain the availability of treating physicians for deposition.  In addition, defense counsel did not tell plaintiffs' counsel that he might need to depose treating physicians until late February, several weeks after plaintiffs' first expert witness was deposed, when he disclosed that he wanted to depose Dr. Rosenthal on March 19, 2021.  Defense counsel did not notify plaintiffs' counsel about the possibility of Dr. Raghavan's deposition until defendant's March 10, 2021 filing with the Court.  Given these facts, I find the defendant's nondisclosure of the treating physicians as hybrid witnesses was not substantially justified.

I do, however, find the nondisclosure harmless.  Plaintiffs have not claimed surprise by the testimony of the treating physicians.  They, too, have had the medical records identifying the treating physicians for more than a year.  There is no trial date set, and this case is unlikely to go to trial this year.

The testimony of the treating physicians appears to be quite important. The various retained experts based their opinions on the observations and reports of the treating physicians reflected in the medical records. What the treating physicians did, observed, and concluded during their treatment of the baby and his mother is critical to determining the cause of death. The finder of fact should have the benefit of the treating physicians' testimony when considering the nature and cause of the infant's injuries and death.

Any prejudice to plaintiffs resulting from the belated disclosure can be minimized. To minimize the prejudice, I will limit the physicians' testimony to the underlying medical records, the doctors' treatment and observations, and any opinions they formed at the time. The depositions are not a tool for defendant to extract from the treating physicians their opinions of the testimony or opinions of the other expert witnesses in this case. The defendant may not ask the treating physicians about a retained expert's opinion or testimony. Indeed, defense counsel stated on our call that his retained experts would accept whatever the treating physicians say about the medical records. Plaintiffs, of course, may question the physicians consistent with this opinion. To further minimize any prejudice to plaintiffs, defendant must pay for the costs of a court reporter, the transcripts of the treating physicians' depositions, and a reasonable number of hours for plaintiffs' experts to review the transcripts and confer with counsel.

For these reasons, I find defendant's nondisclosure of the two treating physicians as hybrid witnesses is harmless. *See S. States Rack & Fixture*, 318 F.3d at 596; *Wake*, 2013 WL 1316431, at *4.

Turning to whether there is good cause to modify the scheduling order, I find there is. Defendant's request for a ten-day extension in the discovery deadline was filed six days before the deadline. Even though the defendant did not comply with the spirit of my December 17, 2020

letter order directing the parties to work together to schedule expert witness depositions, I do find good cause exists to grant a modest extension of the discovery deadline to depose Drs. Rosenthal and Raghavan.  This is primarily because of the importance of the issues at stake and the minimal, if any, prejudice to plaintiffs.

Accordingly, defendant's motion to modify the scheduling order is granted.  Defendant may depose Drs. Rosenthal and Raghavan, but their testimony shall be limited to the underlying medical records, their treatment and observations, and any opinions they formed at the time. Defendant must pay for the costs of a court reporter, the transcripts of the treating physicians' depositions, and a reasonable number of hours for plaintiffs' experts to review the transcripts and confer with counsel.

The discovery deadline is extended for the limited purpose of deposing the two treating physicians to April 30, 2021, or a date mutually agreeable to the parties that accommodates the deponents' schedules.  A joint status report that includes a proposed schedule of remaining deadlines is due on April 30, 2021.

## III.    Sanctions

Plaintiffs seek to preclude defendant from deposing the treating physicians or using their testimony as a sanction under Rule 37(c)(1) for defendant's failure to timely discloses the witnesses.  They also seek $3,500 in attorneys' fees as an additional sanction.  This amount represents the time plaintiffs' counsel spent drafting the opposition to the motion to modify the scheduling order and preparing their motion.  Because I find the failure to disclose was harmless, sanctions are not warranted.  *See* Fed. R. Civ. P. 37(c)(1) (allowing for certain sanctions for failure to disclose a witness under Rule 26(a) or (e), including reasonable attorney's fees caused by the failure, if the failure was not substantially justified or harmless).

## **ORDER**

It is, this 7th day of April, 2021, hereby ORDERED that

1.  Defendant's motion to modify the scheduling order, ECF 38, is granted;

2.  The discovery deadline is extended, for the limited purpose of deposing the two

    treating physicians, to April 30, 2021, or a date mutually agreeable to the parties that

    accommodates the deponents' schedules.  A joint status report that includes a

    proposed schedule of remaining deadlines is due on April 30, 2021; and

3.  Plaintiffs' motion for sanctions, ECF 41, is denied.

_____/S/_____

Deborah L. Boardman
United States Magistrate Judge
